IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIP BUSCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-2043-L |
| | § | |
| M.G. "PAT" ROBERTSON, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are: Defendant Dr. M.G. "Pat" Robertson's Fed. R. Civ. P. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim[,] Alternative Fed. R. Civ. P. Rule 12(b)(3) Motion to Dismiss for Improper Venue[,] Alternative 28 U.S.C. § 1406(a) Motion for Mandatory Venue Transfer[,] and Alternative 28 U.S.C. § 1404(a) Motion for Discretionary Venue Transfer, filed October 21, 2005 [Docket Entry No. 9]; Defendant The Christian Broadcasting Network Inc.'s Fed. R. Civ. P. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim[,] Alternative Fed. R. Civ. P. Rule 12(b)(3) Motion to Dismiss for Improper Venue[,] Alternative 28 U.S.C. § 1406(a) Motion for Mandatory Venue Transfer[,] and Alternative 28 U.S.C. § 1404(a) Motion for Discretionary Venue Transfer, filed October 21, 2005 [Docket Entry No. 10]; Defendant The Christian Broadcasting Network Inc.'s Amended Fed. R. Civ. P. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim[,] Alternative Fed. R. Civ. P. Rule 12(b)(3) Motion to Dismiss for Improper Venue[,] Alternative 28 U.S.C. § 1406(a) Motion for Mandatory Venue Transfer[,] and Alternative 28 U.S.C. § 1404(a) Motion for Discretionary Venue Transfer, filed December 22, 2005 [Docket Entry No. 39]; and Defendant Dr. M.G. "Pat" Robertson's Amended Fed. R. Civ. P. Rule 12(b)(6)

Motion to Dismiss for Failure to State a Claim[,] Alternative Fed. R. Civ. P. Rule 12(b)(3) Motion to Dismiss for Improper Venue[,] Alternative 28 U.S.C. § 1406(a) Motion for Mandatory Venue Transfer[,] and Alternative 28 U.S.C. § 1404(a) Motion for Discretionary Venue Transfer, filed December 23, 2005 [Docket Entry Nos. 40 & 41]. After careful consideration of the motions, amended motions, supplements thereto, responses, replies, record, and applicable law, the court **grants** Defendant The Christian Broadcasting Network Inc.'s Amended 28 U.S.C. § 1404(a) Motion for Discretionary Venue Transfer and **grants** Defendant Dr. M.G. "Pat" Robertson's Amended 28 U.S.C. § 1404(a) Motion for Discretionary Venue Transfer. In light of the court's decision to grant Defendants' respective amended venue transfer motions, the court **denies as moot** Defendant Dr. M.G. "Pat" Robertson's Alternative Fed. R. Civ. P. Rule 12(b)(3) Motion to Dismiss for Improper Venue, Alternative 28 U.S.C. § 1406(a) Motion for Mandatory Venue Transfer and Alternative 28 U.S.C. § 1404(a) Motion for Discretionary Venue Transfer, filed October 21, 2005; **denies as moot** Defendant Dr. M.G. "Pat" Robertson's Amended Alternative Fed. R. Civ. P. Rule 12(b)(3) Motion to Dismiss for Improper Venue and Alternative Amended 28 U.S.C. § 1406(a) Motion for Mandatory Venue Transfer, filed December 23, 2005; **denies as moot** Defendant The Christian Broadcasting Network Inc.'s Alternative Fed. R. Civ. P. Rule 12(b)(3) Motion to Dismiss for Improper Venue, Alternative 28 U.S.C. § 1406(a) Motion for Mandatory Venue Transfer, and Alternative 28 U.S.C. § 1404(a) Motion for Discretionary Venue Transfer, filed October 21, 2005; and **denies as moot** Defendant The Christian Broadcasting Network Inc.'s Amended Alternative Fed. R. Civ. P. Rule 12(b)(3) Motion to Dismiss for Improper Venue and Alternative 28 U.S.C. §

1406(a) Motion for Mandatory Venue Transfer, filed December 22, 2005.[1]  Finally, as the case is being transferred to the Eastern District of Virginia, the court **declines** to rule on Defendants' respective motions and amended motions to dismiss under Fed. R. Civ. P. 12(b)(6).

## I. Factual and Procedural Background

### A. Phillip Busch's Lawsuit Against Defendants

Plaintiff Phillip Busch ("Plaintiff" or "Busch") is a professional body builder who resides in Addison, Dallas County, Texas.  Defendant The Christian Broadcasting Network Inc. ("CBN") is a Virginia corporation that produces a television program titled *The 700 Club* in Virginia Beach, Virginia.  Defendant Dr. M.G. ("Pat") Robertson ("Robertson") is an individual residing in Virginia Beach, Virginia.  This lawsuit arises out of Plaintiff's appearance on *The 700 Club* in July 2005.  Prior to Plaintiff's appearance on *The 700 Club*, "Pat's Great Tasting Diet Shake," a diet shake based on a recipe developed by Robertson, was offered to viewers of *The 700 Club*.  After viewers were invited to send in "before" and "after" pictures as part of a related "Weight Loss Challenge," Plaintiff mailed "before" and "after" pictures of himself showing substantial weight loss.  Plaintiff

---

[1] While the court's decision to grant Defendants' respective venue transfer motions pursuant to 28 U.S.C. § 1404(a) pretermits any need for the court to consider Defendants' alternative motions to dismiss for improper venue under Rule 12(b)(3), the court notes that Defendants mistakenly rely on 28 U.S.C. § 1391 to support their respective arguments that venue in the Northern District of Texas is improper.  It is well-established that venue in an action removed from state court to federal court is controlled by 28 U.S.C. § 1441, and not § 1391. *See Burlington Northern & Santa Fe R.R. v. Herzog Servs.*, 990 F.Supp. 503, 504 (N.D. Tex. 1998) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) (§ 1441(a), and not § 1391, governs venue where a case has been removed from state to federal court.)); *see also Marengo Films, Inc. v. Koch Int'l LLC*, 2003 WL 21435728, at *4 (N.D. Tex. June 16, 2003) (Solis, J.) (same); *see generally* 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3804 at 28 (1986 & 2005 Supp.) (and cases cited therein at footnote 6) ("Nor do the general venue statutes control the venue of removed actions.  The removal statute provides for removal to the district court of the United States for the district and division embracing the place where the state action is pending.").  Plaintiff mistakenly follows Defendants' lead and similarly relies upon § 1391 as the applicable venue statute.  Although Defendants' removal of this action from state court renders § 1391 inapplicable to determining whether venue is proper in this court, in deciding whether to transfer this case under § 1404(a), the court must consider whether the transferee court is one in which the action "might have been brought."  Such inquiry, of course, necessarily involves the application of § 1391.

**Memorandum Opinion and Order – Page 3**

then contacted CBN, seeking to appear on *The 700 Club*. Before appearing on the show, Busch signed a release and authorization form permitting the use of his photographs, name and likeness. He appeared on *The 700 Club*, filmed at studios in Virginia Beach in July 2005. On the segment, he was interviewed about his weight loss and, among other things, he mentioned "Pat's Shake." Thereafter, he sought to enter into an endorsement deal with CBN. CBN declined to enter into the endorsement deal.

On September 20, 2005, Busch filed this lawsuit in the 95th District Court of Dallas County, Texas seeking compensatory and punitive damages. Plaintiff alleges that CBN and Robertson misappropriated his personal image by engaging in allegedly unauthorized use of his "before" and "after" photographs in the commercial promotion and marketing of "Pat's Great Tasting Diet Shake." Busch also sued CBN for intentional infliction of emotional distress.[2] In a nutshell, Plaintiff alleges that his consent was limited to display of his photographs solely to inspire viewers of *The 700 Club* to lose weight, but that Defendants exceeded the scope of consent to promote a diet shake. Plaintiff argues that he is entitled to compensation and punitive damages for Defendants' allegedly unauthorized use of his photographs for their commercial gain.

Defendants removed the action to this court on October 17, 2005 based on diversity of citizenship and because the amount in controversy exceeded $75,000. On October 21, 2005, Defendants filed their respective motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for improper venue under Rule 12(b)(3), or alternatively moved to transfer this action to the Eastern

---

[2]In addition to naming CBN and Robertson as Defendants, Busch also sued General Nutrition Center, Basic Organics, Inc. and David Hawk. Busch's claims against these three Defendants have since been dismissed with prejudice by agreement of the parties.

**Memorandum Opinion and Order – Page 4**

District of Virginia pursuant to 28 U.S.C. § 1404(a) or § 1406(a). While these motions were pending, Plaintiff was granted leave to amend his pleadings. In his First Amended Complaint, Plaintiff added claims of fraud and civil conspiracy. Thereafter, Defendants amended their pending motions to address the newly-added claims.

### B. Defendants' Lawsuit Against Phillip Busch

On September 21, 2005, Defendants Robertson and CBN filed a Complaint for Declaratory Judgment in the Eastern District of Virginia, seeking a declaration that, *inter alia*, any actions allegedly taken by them involving Mr. Busch's image were legal and that they have no obligation to compensate him. *See The Christian Broadcasting Network Inc. and M.G. "Pat" Robertson v. Phillip Busch*, Civil Action No. 2:05-CV-558 (E.D. Va.) (hereinafter, the "Virginia action"). On a motion from Busch, the court in the Eastern District of Virginia issued a Memorandum Opinion and Order on January 9, 2006 (hereinafter "Stay Order") staying that suit until "a decision on the motion to transfer has been made in the United States District Court for the Northern District of Texas, Dallas Division." *See* Stay Order at 9-10.[3]

## II. Applicable Standard for a Section 1404(a) Transfer

With respect to section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where

---

[3] In staying the Virginia action pending this court's determination of whether to transfer venue to the Eastern District of Virginia, Judge Jackson determined that this action and the Virginia action constituted "parallel actions for purposes of the first-filed rule[,]" and therefore properly deferred to this court to determine where this action should be tried. *See* Stay Order at 9 (and cases cited therein). Under the first-to-file rule, a court may "prophylactically refus[e] to hear a case raising issues that might substantially duplicate those raised by a case *pending* in another court" in order to "maximize judicial economy and minimize embarrassing inconsistencies[.]" *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999) (original emphasis). In addition, the court first seized with jurisdiction should decide which of the two courts should take the case. *See Superior Savings Ass'n v. Bank of Dallas*, 705 F.Supp. 326, 328-329 (N.D.Tex.1989) (citing *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407-08 (5th Cir. 1977)); *see also West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 729 (5th Cir.1985) (same). As the parties do not address the first-to-file rule, the court sees no reason to further address the issue.

**Memorandum Opinion and Order – Page 5**

it might have been brought." 28 U.S.C. § 1404(a). In applying section 1404(a), a district court is to determine first, "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003)).

Transfer of venue pursuant to 28 U.S.C. § 1404(a) is at the discretion of the court, considering: "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847 at 370 (1986 & Supp. 2005)). The moving party bears the burden of demonstrating that a change of venue is warranted. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Carlile v. Continental Airlines, Inc.*, 953 F.Supp. 169, 170 (S.D. Tex. 1997).

The court first addresses the threshold issue, namely whether the Eastern District of Virginia qualifies as a judicial district where the civil action "might have been brought." *See* 28 U.S.C. § 1404(a); *In re Horseshoe Entm't*, 337 F.3d at 433. As this action is founded solely on diversity of citizenship, it may be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). As Defendant Robertson resides in Virginia Beach, which is in the Eastern District of Virginia, and CBN is a Virginia corporation, the Eastern District of Virginia is a judicial district where the civil action "might have been brought." Alternatively, this action could have originally been brought in the Eastern District of Virginia, as a substantial part of the events giving rise to Busch's causes of action occurred there, including without limitation, the signing of the release and authorization form permitting the use of his photographs, name and likeness, and the filming of the segment of *The 700 Club* which gives rise to this lawsuit.

Once an initial determination is made that the judicial district to which transfer is sought would have been a district in which the claim could have been filed, a district court:

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG*, 371 F.3d at 203 (citations omitted). The court will first analyze the private and public interest factors and will then address whether these factors warrants disturbing Plaintiff's choice of forum.

### III.   Analysis

#### A.   Consideration of Private and Public Interest Factors

### 1. Relative Ease of Access to Sources of Proof

Defendants have set forth a sufficient factual basis why the access to sources of proof favors a transfer to the Eastern District of Virginia. Based on the record before the court, the bulk of the relevant records is concentrated in Virginia Beach, Virginia, where CBN's studios are located. There is no indication that relevant sources of proof, including books and records, are kept in the Northern District of Texas. Indeed, Plaintiff admits that "the vast majority of documents and tangible things that will be relevant to the substantive issues in this case are in the possession of Defendant CBN and Defendant Robertson." *See* Pl. Resp. at 17. While Plaintiff is correct that these "documents may be copied and shipped to Texas," this factor definitively weighs in favor of transfer.

### 2. Convenience of the Witnesses, Cost of Attendance of Willing Witnesses and Ability of Compulsory Process to Secure the Attendance of Witnesses

The availability and convenience of witnesses is arguably the most important of the factors in the § 1404 analysis. *See, e.g., LeBouef v. Gulf Operators, Inc.,* 20 F.Supp.2d 1057, 1060 (S.D.Tex.1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice And Procedure § 3851, at 415 (1986)). Defendants have provided evidence that the vast majority of witnesses who will testify at trial resides in the Eastern District of Virginia, not Texas. These party-witnesses include, among others: John Turver (Senior Vice President of Marketing for CBN who dealt with Plaintiff regarding a possible endorsement contract for "Pat's Shake") (*see* Affidavit of John Turver and Exs. thereto); Ellen Eaton (Project Specialist for CBN with whom Plaintiff and his wife corresponded on numerous occasions regarding Plaintiff's "before" and "after" photographs in conjunction with the "Weight Loss Challenge") (*see* Affidavit of Ellen Eaton and

**Memorandum Opinion and Order – Page 8**

Exs. thereto); Mila Elliott (Guest Producer for CBN who obtained Plaintiff's consent for the use of his photographs in connection with *The 700 Club* segment) (*see* Affidavit of Mila Elliott); Angell Watts (Manager of Public Relations); Edie Waserberg (Associate Vice President of Television Development); and Ivorie Anthony (Guest Coordinator for CBN who conferred with Plaintiff regarding his desire to appear on *The 700 Club*) (*see* Affidavit of Ivorie Anthony). The majority of these witnesses has submitted affidavit testimony regarding the nature of their testimony in this case, as well as the burden on themselves and their families of having to travel to Texas for trial in this case.

As for the factor of compulsory process, Defendants state that all nonparty witnesses reside in Virginia, yet have failed to list the names or anticipated testimony of these putative nonparty witnesses. The only nonparty witness mentioned by Plaintiff is his wife, and the court has been provided with no evidence to suggest that she would not willingly appear in this action. Plaintiff does state in response to Defendants' respective venue transfer motions (though he has not submitted an affidavit) that travel to Virginia will be onerous on him and his wife due to the associated costs.

In light of the number of witnesses in the Eastern District of Virginia, and having reviewed the affidavit testimony submitted by Defendants to support their respective venue transfer motions, the court determines that obtaining the presence of witnesses from Virginia in the Northern District of Texas would be much more inconvenient and costly than doing so in the Eastern District of Virginia, where Robertson, CBN and CBN's employees are located. Other than himself and his wife, Busch has provided no evidence as to any other potential witnesses in the Northern District of Texas. Accordingly, consideration of convenience and cost to witnesses favors transfer. As Defendants have not specifically identified any nonparty witnesses, and the court has no reason to

**Memorandum Opinion and Order – Page 9**

believe that Plaintiff's wife would refuse to appear in Virginia to testify in this case, the availability of compulsory process to secure the attendance of witnesses is not a factor.

### 3. Problems that Make the Trial of the Case Easy, Expeditious, and Inexpensive

The parties did not directly discuss this factor. Since the parties did not discuss it, the court cannot weigh it independently. The factor is therefore neutral and does not weigh in favor of or against a transfer.

### 4. Administrative Difficulties Flowing From Court Congestion

Defendants have submitted evidence that as of September 30, 2004, the Eastern District of Virginia reported 2,439 cases, whereas the Northern District of Texas reported 3,801 cases. *See* Defs. Brief ant 23 and Exh. A thereto. Other than arguing that this factor is entitled to little weight, Plaintiff has not disputed these statistics. Accordingly, as the litigants are more likely to receive an earlier trial in the transferee court, this public interest factor weighs in favor of transfer to the Eastern District of Virginia.

### 5. Local Interest in Having Local Interests Decided at Home

Ordinarily, there is a preference to try an action where the alleged wrong or injury occurred. Plaintiff argues that the alleged wrong occurred in the Northern District of Texas. Specifically, Plaintiff contends that his "injuries occurred in Texas, and Texas courts have a significant interest in having the localized interest of protecting its resident's rights to control the use of their names and likenesses." Pl. Resp. at 19. Defendants, on the other hand, argue that the alleged wrongs occurred in the Eastern District of Virginia. According to Defendants, the events giving rise to this dispute all occurred in Virginia. Plaintiff directed all his communications toward personnel at CBN's studio in Virginia, Plaintiff traveled to Virginia to appear on *The 700 Club*, Plaintiff authorized use of his

**Memorandum Opinion and Order – Page 10**

"before" and "after" pictures at the CBN studio in Virginia, Plaintiff's appearance on *The 700 Club* was filmed in Virginia, and Plaintiff directed his demands for an endorsement contract to John Turver at the CBN studio in Virginia.

As this court has recognized, the State of Texas has an interest in protecting its citizens from the "tortious conduct of nonresidents aimed at its own residents." *See Global 360 v. Spittin' Image Software, Inc.*, No. 3:04-CV-1857-L, 2005 WL 625493, at *10 (N.D. Tex. March 17, 2005) (quoting *Optimum Return LLC v. Cyberkatz Consulting, Inc.*, No. 3:03-CV-1064-D, 2004 WL 827835, at *3 (N.D. Tex. March 26, 2004)). In this case, however, Defendants accurately point out that many of the alleged wrongs took place in Virginia. Further, to the extent Plaintiff is complaining about the use of his image in *The 700 Club* broadcast, arguably the alleged harm occurred in every state in which the program is aired. After careful consideration of this factor, the court determines that it is neutral. Otherwise stated, neither forum has a greater interest in this dispute under the "local interest" factor.

> 6. **Familiarity of the Forum with the Law that Will Govern the Case; Avoidance of Unnecessary Problems of Conflict of Laws of the Application of Foreign Law**

Defendants contend that under Texas's "most significant relationship" test, Virginia law would apply in this case. Plaintiff contends that Texas law would apply. Regardless of which party is correct, no real evidence has been presented suggesting that the Eastern District of Virginia would have difficulty resolving Texas state law claims. Although it may not be routine for a federal court in Virginia to encounter Texas common law claims, this court is convinced that, even were Texas law to apply, the Eastern District of Virginia is certainly up to the task. Accordingly, these factors are of little moment, and the court determines that they neither weigh in favor of nor against transfer.

In short, as evidenced by the court's analysis of the relevant private and public interest factors, ease of access to sources of proof, convenience and cost of attendance of willing witnesses, and considerations of court congestion weigh in favor of transfer to the Eastern District of Virginia. The remaining factors are neutral or inapplicable. The court now considers the "interest of justice" to determine whether the balance of factors warrants disturbing Plaintiff's choice of forum.

**B.    Determination of Whether the Balance of the Factors Warrants Disturbing Plaintiff's Choice of Forum**

A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party, *see Houston Trial Reports, Inc., v. LRP Publ'ns, Inc.*, 85 F.Supp.2d 663, 667 (S.D. Tex. 1999); however, a court may not attribute "decisive weight" to a plaintiff's choice of forum. A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434.

In light of the fact that ease of access to sources of proof, convenience and cost of attendance of willing witnesses, and considerations of court congestion weigh strongly in favor of transfer to the Eastern District of Virginia, and all remaining factors are neutral or inapplicable, the court determines that disturbing Plaintiff's choice of forum is warranted in this case. Moreover, and of particular importance, as previously stated (*see supra* at 5 and n. 3), pending in the Eastern District of Virginia is a parallel action filed by Defendants Robertson and CBN one day after Plaintiff filed this action. *See The Christian Broadcasting Network Inc. and M.G. "Pat" Robertson v. Phillip Busch*, Civil Action No. 2:05-CV-558 (E.D. Va.). That the Virginia litigation and this case involve overlapping issues, similar subject matter, closely related questions, and identical parties also weighs in favor of transferring this action to the Eastern District of Virginia to avoid piecemeal litigation.

**IV.     Conclusion**

For the reasons stated herein, the court determines that Defendants have met their burden by making a showing sufficient to justify a transfer of this action "for the convenience of the parties and witnesses, in the interest of justice" to the Eastern District of Virginia.  Accordingly, the court **grants** Defendant Dr. M.G. "Pat" Robertson's Amended 28 U.S.C. § 1404(a) Motion for Discretionary Venue Transfer and **grants** Defendant Dr. M.G. "Pat" Robertson's Amended 28 U.S.C. § 1404(a) Motion for Discretionary Venue Transfer, and **transfers** this action to the Eastern District of Virginia.  In light of the court's decision to grant Defendants' respective amended venue transfer motions, the court **denies as moot** Defendant Dr. M.G. "Pat" Robertson's Alternative Fed. R. Civ. P. Rule 12(b)(3) Motion to Dismiss for Improper Venue, Alternative 28 U.S.C. § 1406(a) Motion for Mandatory Venue Transfer and Alternative 28 U.S.C. § 1404(a) Motion for Discretionary Venue Transfer, filed October 21, 2005; **denies as moot** Defendant Dr. M.G. "Pat" Robertson's Amended Alternative Fed. R. Civ. P. Rule 12(b)(3) Motion to Dismiss for Improper Venue and Alternative 28 U.S.C. § 1406(a) Motion for Mandatory Venue Transfer, filed December 23, 2005;  **denies as moot** Defendant The Christian Broadcasting Network Inc.'s Alternative Fed. R. Civ. P. Rule 12(b)(3) Motion to Dismiss for Improper Venue, Alternative 28 U.S.C. § 1406(a) Motion for Mandatory Venue Transfer, and Alternative 28 U.S.C. § 1404(a) Motion for Discretionary Venue Transfer,  filed October 21, 2005; and **denies as moot** Defendant The Christian Broadcasting Network Inc.'s Amended Alternative Fed. R. Civ. P. Rule 12(b)(3) Motion to Dismiss for Improper Venue and Alternative 28 U.S.C. § 1406(a) Motion for Mandatory Venue Transfer, filed December 22, 2005.  Finally, as the case is being transferred to the Eastern District of Virginia, the court **declines** to rule on Defendants' respective motions and amended motions to dismiss under

Fed. R. Civ. P. 12(b)(6). The clerk of court **shall effect** the transfer of this action in accordance with the usual procedure.

**It is so ordered** this 5th day of May, 2006.

Sam A. Lindsay
United States District Judge